UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

In re

   MAYWOOD CAPITAL CORP., <u>et al</u>,

                Debtors

       -against-

Chapter 11 Bankruptcy
Case No. 05-10987 ( RDD)

-----------------------------------------------------------x

JOHN S PEREIRA, as chapter 11 Trustee of

   121 West 122nd Street Corp.

               Plaintiff

       Vs.

HARRIET E. BEST

              Defendant

Adversary Proceeding No.:
05-02577 (RDD)

SDNY Case No: 08-CV-4542

_____x

**MOTION TO WITHDRAW AS COUNSEL**

      PLEASE TAKE NOTICE, that upon the annexed application of Clover M. Barrett, P.C., by Clover M. Barrett, Esq., a motion pursuant to Rule 11of the Federal Rules of Civil Procedure and NYS CPLR §321(b) (2) will be made as set forth below:

   JUDGE ASIGNED: The Honorable Alvin K. Hellerstein

   HEARING DATE: June 16, 2008

   COURTHOUSE:   United States District Court
                         500 Pearl Street
                         New York, NY 10007

RELIEF REQUESTED:   To be relieved as counsel to HARRIETT BEST in the
                                  above captioned Appeal

BASIS FOR RELIEF:    Failure to pay legal fees and expenses

OPPOSITION PAPERS:   Opposition papers are to be served and filed so as to be filed and received by the Court with a courtesy copy to Judge Hellerstien's Chambers and the undersigned within the time periods set forth in the Federal Rules of Civil Procedure And the local Rules for the Southern District of New York

Dated: May 31, 2008

           CLOVER M.BARRETT, P.C.
           189 Montague Street, Suite 501
           Brooklyn, New York 11201

           By: _____
              Clover M. Barrett, Esq.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

In re

   MAYWOOD CAPITAL CORP., <u>et al</u>,
                    Debtors

       -against-

Chapter 11 Bankruptcy
Case No. 05-10987 ( RDD)

------------------------------------------------------------x

JOHN S PEREIRA, as chapter 11 Trustee of

   121 West 122nd Street Corp.

                   Plaintiff
      Vs.

HARRIET E. BEST

                   Defendant

Adversary Proceeding No.:
05-02577 (RDD)

SDNY Case No: 08-CV-4542

------------------------------------------------------------x

**AFFIDAVIT IN SUPPORT OF MOTION**
**TO WITHDRAW AS COUNSEL**

      CLOVER M. BARRETT, an attorney duly admitted to practice law before the Courts of the State of New York and in the Southern and Eastern Districts of New York, states the following to be true under the penalty of perjury:

      1.    I am a member of the law firm of Clover M. Barrett, P.C., attorney of record for HARRIETT BEST in the underlying Chapter 11 case and in connection with the Notice of Appeal filed on or about January 4, 2008.

      2.    This Affirmation is submitted in support of the motion on behalf of Clover M. Barrett, P.C., seeking to be relieved as counsel pursuant to NYS CPLR §321(b) (2) and Rule 11 of the Federal Rules of Civil Procedure as to the defendant, HARRIETT BEST with respect to

1

the instant appeal.

3. Your Affirmant's firm was retained by HARRIETT BEST on or about May 6, 2006, to provide legal services in connection with the adversary proceeding brought against her by the trustee to set aside Ms. Best's purchase of the property known as 121 West 122nd Street, New York, from the debtor 121 West 122nd Street Realty Corp., some six weeks prior to the debtor filing a Chapter 11 petition. **Annexed hereto as Exhibit A is a copy of the retainer agreement.**

4. Over the past two years, despite not receiving payment on a regular basis as agreed, your Affirmant continued to provide legal services in good faith on Ms. Best's representation that payment would be forthcoming.

5. Services rendered to defendant, HARRIETT BEST included aggressive representation in the above captioned adversary proceeding. There was extensive motion practice including a motion for summary judgment on which Ms. Best prevailed, several depositions, extensive legal research, numerous conferences with the defendant and her witnesses, and the ultimate trial from which this appeal arises.

6. At this time there is in excess of One Hundred Thousand Dollars ($100,000.00) owed to the law office for legal fees plus expenses incurred for services rendered in connection with the underlying proceeding.

7. Despite my sympathy to Ms. Best and my concern of her need for legal representation, regretfully, I am unable to continue to represent Ms. Best without tender of the outstanding fees or adequate assurance that said fees will be paid.

8. Since January 2008, I have informed Ms. Best on several occasions that I would

have no choice to withdraw as her counsel due to the outstanding legal fees. Ms. Best, however, continually implored me to delay filing of my motion to withdraw as her counsel on the promise that she would make every effort to raise the funds to pay the outstanding legal fees or provide me with adequate assurance that said fees would be paid. My office even offered to compromise significantly, the fees owed by Ms. Best. Unfortunately, however, Ms. Best has not been able to come up with the outstanding funds or provide my law office with adequate assurance.

9. My late filing of this motion is simply due to the fact that it was my hope and expectation that Ms. Best would have raised the funds to pay the outstanding legal fees or in the alternative, provide my firm with adequate assurance that the fees would be paid.

10. Up until Friday, May 30th 2008, I was in good faith negotiations with Ms. Best to provide me with payment or adequate assurance that the fees would be forthcoming. However, Ms. Best has done neither.

11. I am a solo practitioner and my office has suffered financial damage as a result of Ms. Best's failure to honor her retainer agreement. Good cause exists for Clover M. Barrett PC's withdrawal as attorney for the defendant, HARRIETT BEST.

12. My office can no longer represent the interests of HARRIETT BEST and it is respectfully requested that this motion be granted and the law office of Clover M. Barrett, P.C., be relieved as counsel to HARRIET BEST.

13. Where a client disregards an agreement or obligations to the attorney regarding the payment of fees and expenses and makes it difficult for the attorney to perform his/her duties effectively, withdrawal is permissible. There is no obligation for an attorney to finance the litigation or provide gratuitous services. Holmes v. Y.J.A. REALTY CORP., 128 A.D.2d 482,

513 N.Y.S. 2d 415 (1st Dep't 1987). See also Galvano v. Galvano, 193 A.D. 2d 779, 598 N.Y.S 2d 268 (2nd Dep't. 1993) and Charney v. North Jersey Trading Corporation, 150 Misc.2d 849, 578 N.Y.S. 2d 100 (Sup. Ct. NY Co. (1991). Withdrawal under these circumstances is more appropriate where counsel has warned the client that a motion for same would be brought if payment were not made. Solomon v. Solomon, 172 A.D.2d 1081, 596 N.Y.S. 259 (4th Dep't 1991).

14. Not only is it inequitable to require your Affirmant to continue to represent these parties under the circumstances, the Thirteenth Amendment to the United States Constitution prohibits involuntary servitude.

15. That the fees billed are reasonable for the services rendered and furthermore, your affirmant has reduced the fees earned.

16. It is respectfully requested that the appeal proceedings be stayed thirty days to give the defendant an opportunity to obtain new counsel within said period of time.

17. By reason of the foregoing, cause exists to grant the relief sought herein in its entirety.

18. As the issues raised herein are neither difficult or unique, and as case law has been cited herein, it is respectfully requested that the requirement for a separate memorandum of law be waived.

19. There has been no other application for the relief requested herein.

WHEREFORE, it is respectfully requested that the instant motion be granted and that the law office of Clover M. Barrett, P.C. be relieved as counsel to defendant, HARRIETT BEST, that this appeal proceeding be stayed thirty days to give Ms. Best an opportunity to obtain new

counsel within said period of time; together with such other further and different relief as to this Court may deem just, proper and equitable.

_____
Clover M. Barrett

Sworn to before me this 31st
day of May 2008

S/_____
Notary Public

## AGREEMENT FOR EMPLOYMENT OF ATTORNEY

HARRIETT E. BEST, with an address at 250 Maple Street, Brooklyn, New York 11237 (hereinafter, the **Client**), and the law firm of Clover M. Barrett, P.C., with offices at 189 Montague Street Brooklyn, New York 11201 (hereinafter the **Law Firm**) agree as follows:

The Client hereby employs the attorney to represent **Client** in connection with the trustee's action to turn over the land and apartment building located at 121 West 122nd Street, New York, New York 10027 in the Chapter 11 case, In re Maywood Capital Corp., Case#. 05-10987 (RDD).

In connection with representing **Client**, the **Law Firm** is authorized to take, prosecute, compromise and defend such actions or proceedings as the **Law Firm** in the exercise of its professional judgment may deem necessary, proper or appropriate.

The services to be performed by the attorney under this contract include the following:

a.  Provide legal advice to the **Client**, Prepare any instruments, agreements, pleadings, or other documents necessary in the representation of client.

b.  Represent the **Client** in any action, proceeding, trial, conference, meeting, hearing, or other proceeding or transaction in connection with this litigation.

The law firm's fees will be calculated based on the hourly rates for attorneys and non-lawyers in the firm. The **Client** agrees to reimburse the attorney for all necessary expenses incurred by the attorney in the performance of services under this contract and to compensate the attorney for services performed as follows:

a.  $350.00 per hour for services rendered by Attorney Clover M. Barrett.
b.  $95.00 per hour for services rendered by a Paralegal

The **Client** agrees to pay the attorney an initial retainer of Fifteen Thousand Dollars ($15,000.00) towards services performed or to be performed under this contract.

Expenses will be separately stated on the bill and may include such expenses as court costs, expenses of investigation, survey, appraisals, costs of obtaining and presenting evidence (such as depositions and photocopying), the fees of expert consultants and witnesses, and other costs and expenses associated with this litigation

Payment pursuant to the terms of this retainer agreement is personally guaranteed by PATRICIA BEST with an address at 276 West 113th Street, New York, New York 11026.

The parties agree that this retainer is a retaining lien as and against the property known as 121 West 122nd Street, New York, New York 10027 and the property known as 276 West 113th Street, New York, New York 10026 and all other property owned by **Client and Guarantor**

**Receipt of $15,000.00 retainer is hereby acknowledged**


By:_____                                         By:_____
   Clover M. Barrett, Esq. for                                          Harriett E. Best
   Clover M. Barrett PC


_____
   Patricia Best, personal guarantor

Dated: Brooklyn, New York
      May 3, 2006

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

In re

   MAYWOOD CAPITAL CORP., et al,　　　　　Chapter 11 Bankruptcy
                    Debtors　　　　　　　　Case No. 05-10987 ( RDD)

        -against-
-----------------------------------------------------------x
JOHN S PEREIRA, as chapter 11 Trustee of　　　Adversary Proceeding No.:
　　　　　　　　　　　　　　　　　　　　　　　05-02577 (RDD)
    121 West 122nd Street Corp.

            Plaintiff
        Vs.　　　　　　　　　　　　　　　SDNY Case No: 08-CV-4542

HARRIET E. BEST
            Defendant
_____x

## AFFIDAVIT OF SERVICE

I, Stephen Gordon, am over the age of 18 and not a party to the within action. I reside in Queens County, State of New York. I declare under the penalty of perjury that the following is true and correct:

    On May 31, 2008, I served the within Motion to Withdraw as Counsel on the following parties:

                HARRIETT E. BEST
                250 Maple Street,
                <u>Apartment 6B</u>
                Brooklyn, New York 11225

                John P. Campo Esq.,
                Attorney for John S. Pereira
                Chapter 11 Trustee
                Dreier, LLP
                499 Park Avenue, <u>21st Floor</u>
                New York, New York 10022

Service was made depositing a true copy of the motion in a wrapped and sealed envelope in a mail box marked for the exclusive use by the United States Postal Service.

                                          S/_____
                                          Stephen Gordon

Sworn to before me this
31st day of May 2008

S/_____
NOTARY PUBLIC