UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

In re

    MAYWOOD CAPITAL CORP., <u>et al</u>,      Chapter 11 Bankruptcy
                      Debtors     Case No. 05-10987 (RDD)

    -against-
————————————————————————x

JOHN S PEREIRA, as chapter 11 Trustee of     Adversary Proceeding No.:
                                             05-02577 (RDD)
121 West 122nd Street Corp.

                      Plaintiff
    Vs.                                  SDNY Case No: 08-CV-4542

HARRIET E. BEST
                      Defendant
————————————————————————x

**AFFIDAVIT IN SUPPORT OF MOTION
TO WITHDRAW AS COUNSEL**

    CLOVER M. BARRETT, an attorney duly admitted to practice law before the Courts of the State of New York and in the Southern and Eastern Districts of New York, states the following to be true under the penalty of perjury:

    1.    I am a member of the law firm of Clover M. Barrett, P.C., attorney of record for HARRIETT BEST in the underlying Chapter 11 case and in connection with the Notice of Appeal filed on or about January 4, 2008.

    2.    This Affirmation is submitted in support of the motion on behalf of Clover M. Barrett, P.C., seeking to be relieved as counsel pursuant to NYS CPLR §321(b) (2) and Rule 11 of the Federal Rules of Civil Procedure as to the defendant, HARRIETT BEST with respect to

1

the instant appeal.

3. Your Affirmant's firm was retained by HARRIETT BEST on or about May 6, 2006, to provide legal services in connection with the adversary proceeding brought against her by the trustee to set aside Ms. Best's purchase of the property known as 121 West 122nd Street, New York, from the debtor 121 West 122nd Street Realty Corp., some six weeks prior to the debtor filing a Chapter 11 petition. **Annexed hereto as Exhibit A is a copy of the retainer agreement.**

4. Over the past two years, despite not receiving payment on a regular basis as agreed, your Affirmant continued to provide legal services in good faith on Ms. Best's representation that payment would be forthcoming.

5. Services rendered to defendant, HARRIETT BEST included aggressive representation in the above captioned adversary proceeding. There was extensive motion practice including a motion for summary judgment on which Ms. Best prevailed, several depositions, extensive legal research, numerous conferences with the defendant and her witnesses, and the ultimate trial from which this appeal arises.

6. At this time there is in excess of One Hundred Thousand Dollars ($100,000.00) owed to the law office for legal fees plus expenses incurred for services rendered in connection with the underlying proceeding.

7. Despite my sympathy to Ms. Best and my concern of her need for legal representation, regretfully, I am unable to continue to represent Ms. Best without tender of the outstanding fees or adequate assurance that said fees will be paid.

8. Since January 2008, I have informed Ms. Best on several occasions that I would

have no choice to withdraw as her counsel due to the outstanding legal fees. Ms. Best, however, continually implored me to delay filing of my motion to withdraw as her counsel on the promise that she would make every effort to raise the funds to pay the outstanding legal fees or provide me with adequate assurance that said fees would be paid. My office even offered to compromise significantly, the fees owed by Ms. Best. Unfortunately, however, Ms. Best has not been able to come up with the outstanding funds or provide my law office with adequate assurance.

9. My late filing of this motion is simply due to the fact that it was my hope and expectation that Ms. Best would have raised the funds to pay the outstanding legal fees or in the alternative, provide my firm with adequate assurance that the fees would be paid.

10. Up until Friday, May 30th 2008, I was in good faith negotiations with Ms. Best to provide me with payment or adequate assurance that the fees would be forthcoming. However, Ms. Best has done neither.

11. I am a solo practitioner and my office has suffered financial damage as a result of Ms. Best's failure to honor her retainer agreement. Good cause exists for Clover M. Barrett PC's withdrawal as attorney for the defendant, HARRIETT BEST.

12. My office can no longer represent the interests of HARRIETT BEST and it is respectfully requested that this motion be granted and the law office of Clover M. Barrett, P.C., be relieved as counsel to HARRIET BEST.

13. Where a client disregards an agreement or obligations to the attorney regarding the payment of fees and expenses and makes it difficult for the attorney to perform his/her duties effectively, withdrawal is permissible. There is no obligation for an attorney to finance the litigation or provide gratuitous services. Holmes v. Y.J.A. REALTY CORP., 128 A.D.2d 482,

513 N.Y.S. 2d 415 (1st Dep't 1987). See also Galvano v. Galvano, 193 A.D. 2d 779, 598 N.Y.S 2d 268 (2nd Dep't. 1993) and Charney v. North Jersey Trading Corporation, 150 Misc.2d 849, 578 N.Y.S. 2d 100 (Sup. Ct. NY Co. (1991). Withdrawal under these circumstances is more appropriate where counsel has warned the client that a motion for same would be brought if payment were not made. Solomon v. Solomon, 172 A.D.2d 1081, 596 N.Y.S. 259 (4th Dep't 1991).

14. Not only is it inequitable to require your Affirmant to continue to represent these parties under the circumstances, the Thirteenth Amendment to the United States Constitution prohibits involuntary servitude.

15. That the fees billed are reasonable for the services rendered and furthermore, your affirmant has reduced the fees earned.

16. It is respectfully requested that the appeal proceedings be stayed thirty days to give the defendant an opportunity to obtain new counsel within said period of time.

17. By reason of the foregoing, cause exists to grant the relief sought herein in its entirety.

18. As the issues raised herein are neither difficult or unique, and as case law has been cited herein, it is respectfully requested that the requirement for a separate memorandum of law be waived.

19. There has been no other application for the relief requested herein.

WHEREFORE, it is respectfully requested that the instant motion be granted and that the law office of Clover M. Barrett, P.C. be relieved as counsel to defendant, HARRIETT BEST, that this appeal proceeding be stayed thirty days to give Ms. Best an opportunity to obtain new

counsel within said period of time; together with such other further and different relief as to this Court may deem just, proper and equitable.

_____
Clover M. Barrett

Sworn to before me this 31st
day of May 2008

_S/_____
Notary Public

PAULA M. SIMPSON
Notary Public, State of New York
No. 02SI5004309
Qualified in Kings County
Commission Expires 11/16/20 10

5