# DREIER LLP

ATTORNEYS AT LAW

John P. Campo *Partner*
Direct 212 328 6114
jcampo@dreierllp.com

June 13, 2008

BY HAND DELIVERY

Hon. Alvin K. Hellerstein
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1050
New York, NY 10007

    Re:    In Re: Maywood Capital Corp.
              Civil Action No.: 08-CV 4542 (AKH)

Dear Judge Hellerstein:

      We represent John S. Pereira as Trustee of Maywood Capital Corp., who is the Appellee in the above-referenced bankruptcy appeal. We have been served with a motion on behalf of counsel for the Appellant, Harriet Best, for leave to withdraw as counsel. For the Court's convenience, a copy of this motion is enclosed. We do not oppose Ms. Barrett's request to withdraw as Ms. Best's counsel. However, we write to advise the Court of a procedural defect in this appeal.

      In the underlying litigation in the Bankruptcy Court, Bankruptcy Judge Drain entered a judgment directing Ms. Best to reconvey a parcel of real property to the Trustee. Ms. Best appealed this judgment to this Court where it was docketed as 08 Civ. 2961 (LAK) and assigned to Judge Kaplan. Ms. Best than sought a stay pending appeal from the Bankruptcy Court, and Judge Drain denied her application. Rather than renewing her stay application before District Judge Kaplan, before whom her appeal was pending, Ms. Best filed a second notice of appeal, a copy of which is enclosed, in which she sought review of the Bankruptcy Court's denial of her stay application. It is the second appeal which is now pending before your Honor. In these circumstances, we would respectfully suggest that this appeal be dismissed or referred to Judge Kaplan as a related case.

499 Park Avenue   New York, New York   10022
Telephone 212 328 6100   Facsimile 212 328 6101
Los Angeles · Stamford · Albany
www.dreierllp.com

{00363089.DOC;}


Page 2
June 13, 2008
Hon. Alvin K. Hellerstein

In an effort to preserve assets in the Trustee's bankruptcy estate, we respectfully ask that the Court consider this letter as our response to the attached motion. A copy of this letter will be electronically filed on the Court docket.

Respectfully submitted,

s/

John P. Campo
Attorney for Appellee

John S. Pereira as Trustee

cc: Clover M. Barrett, Esq.
Honorable Lewis A. Kaplan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

In re

    MAYWOOD CAPITAL CORP., et al,　　　　Chapter 11 Bankruptcy
    　　　　　　　　　　　　Debtors　　　　　Case No. 05-10987 ( RDD)
    　　　-against-
-----------------------------------------------------------x
JOHN S PEREIRA, as chapter 11 Trustee of　　Adversary Proceeding No.:
　　　　　　　　　　　　　　　　　　　　　　05-02577 (RDD)
121 West 122nd Street Corp.

    　　　　　　　　Plaintiff
    Vs.　　　　　　　　　　　　　　　　　　SDNY Case No: 08-CV-4542

HARRIET E. BEST
    　　　　　　　　Defendant
_____x

**MOTION TO WITHDRAW AS COUNSEL**

    PLEASE TAKE NOTICE, that upon the annexed application of Clover M. Barrett, P.C., by Clover M. Barrett, Esq., a motion pursuant to Rule 11 of the Federal Rules of Civil Procedure and NYS CPLR §321(b) (2) will be made as set forth below:

    JUDGE ASIGNED: The Honorable Alvin K. Hellerstein

    HEARING DATE: June 16, 2008

        COURTHOUSE:   United States District Court
        　　　　　　　　　500 Pearl Street
        　　　　　　　　　New York, NY 10007

RELIEF REQUESTED:   To be relieved as counsel to HARRIETT BEST in the
        　　　　　　　　　　　　　above captioned Appeal

BASIS FOR RELIEF:   Failure to pay legal fees and expenses

1

OPPOSITION PAPERS:   Opposition papers are to be served and filed so as to be filed and received by the Court with a courtesy copy to Judge Hellerstien's Chambers and the undersigned within the time periods set forth in the Federal Rules of Civil Procedure And the local Rules for the Southern District of New York

Dated: May 31, 2008

                                                  CLOVER M.BARRETT, P.C.
                                                189 Montague Street, <u>Suite 501</u>
                                                Brooklyn, New York 11201

                                                By: _____
                                                    Clover M. Barrett, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

In re

    MAYWOOD CAPITAL CORP., et al,
                  Debtors

        -against-
----------------------------------------------------------x

JOHN S PEREIRA, as chapter 11 Trustee of

  121 West 122nd Street Corp.

                Plaintiff
    Vs.

HARRIET E. BEST
                Defendant
----------------------------------------------------------x

Chapter 11 Bankruptcy
Case No. 05-10987 ( RDD)

Adversary Proceeding No.:
05-02577 (RDD)

SDNY Case No: 08-CV-4542

### AFFIDAVIT IN SUPPORT OF MOTION
### TO WITHDRAW AS COUNSEL

      CLOVER M. BARRETT, an attorney duly admitted to practice law before the Courts of the State of New York and in the Southern and Eastern Districts of New York, states the following to be true under the penalty of perjury:

    1.    I am a member of the law firm of Clover M. Barrett, P.C., attorney of record for HARRIETT BEST in the underlying Chapter 11 case and in connection with the Notice of Appeal filed on or about January 4, 2008.

    2.    This Affirmation is submitted in support of the motion on behalf of Clover M. Barrett, P.C., seeking to be relieved as counsel pursuant to NYS CPLR §321(b) (2) and Rule 11 of the Federal Rules of Civil Procedure as to the defendant, HARRIETT BEST with respect to

1

the instant appeal.

    3.    Your Affirmant's firm was retained by HARRIETT BEST on or about May 6, 2006, to provide legal services in connection with the adversary proceeding brought against her by the trustee to set aside Ms. Best's purchase of the property known as 121 West 122nd Street, New York, from the debtor 121 West 122nd Street Realty Corp., some six weeks prior to the debtor filing a Chapter 11 petition. **Annexed hereto as Exhibit A is a copy of the retainer agreement.**

    4.    Over the past two years, despite not receiving payment on a regular basis as agreed, your Affirmant continued to provide legal services in good faith on Ms. Best's representation that payment would be forthcoming.

    5.    Services rendered to defendant, HARRIETT BEST included aggressive representation in the above captioned adversary proceeding. There was extensive motion practice including a motion for summary judgment on which Ms. Best prevailed, several depositions, extensive legal research, numerous conferences with the defendant and her witnesses, and the ultimate trial from which this appeal arises.

    6.    At this time there is in excess of One Hundred Thousand Dollars ($100,000.00) owed to the law office for legal fees plus expenses incurred for services rendered in connection with the underlying proceeding.

    7.    Despite my sympathy to Ms. Best and my concern of her need for legal representation, regretfully, I am unable to continue to represent Ms. Best without tender of the outstanding fees or adequate assurance that said fees will be paid.

    8.    Since January 2008, I have informed Ms. Best on several occasions that I would

2

have no choice to withdraw as her counsel due to the outstanding legal fees. Ms. Best, however, continually implored me to delay filing of my motion to withdraw as her counsel on the promise that she would make every effort to raise the funds to pay the outstanding legal fees or provide me with adequate assurance that said fees would be paid. My office even offered to compromise significantly, the fees owed by Ms. Best. Unfortunately, however, Ms. Best has not been able to come up with the outstanding funds or provide my law office with adequate assurance.

9. My late filing of this motion is simply due to the fact that it was my hope and expectation that Ms. Best would have raised the funds to pay the outstanding legal fees or in the alternative, provide my firm with adequate assurance that the fees would be paid.

10. Up until Friday, May 30th 2008, I was in good faith negotiations with Ms. Best to provide me with payment or adequate assurance that the fees would be forthcoming. However, Ms. Best has done neither.

11. I am a solo practitioner and my office has suffered financial damage as a result of Ms. Best's failure to honor her retainer agreement. Good cause exists for Clover M. Barrett PC's withdrawal as attorney for the defendant, HARRIETT BEST.

12. My office can no longer represent the interests of HARRIETT BEST and it is respectfully requested that this motion be granted and the law office of Clover M. Barrett, P.C., be relieved as counsel to HARRIET BEST.

13. Where a client disregards an agreement or obligations to the attorney regarding the payment of fees and expenses and makes it difficult for the attorney to perform his/her duties effectively, withdrawal is permissible. There is no obligation for an attorney to finance the litigation or provide gratuitous services. Holmes v. Y.J.A. REALTY CORP., 128 A.D.2d 482,

3

513 N.Y.S. 2d 415 (1st Dep't 1987). See also Galvano v. Galvano, 193 A.D. 2d 779, 598 N.Y.S 2d 268 (2nd Dep't. 1993) and Charney v. North Jersey Trading Corporation, 150 Misc.2d 849, 578 N.Y.S. 2d 100 (Sup. Ct. NY Co. (1991). Withdrawal under these circumstances is more appropriate where counsel has warned the client that a motion for same would be brought if payment were not made. Solomon v. Solomon, 172 A.D.2d 1081, 596 N.Y.S. 259 (4th Dep't 1991).

14. Not only is it inequitable to require your Affirmant to continue to represent these parties under the circumstances, the Thirteenth Amendment to the United States Constitution prohibits involuntary servitude.

15. That the fees billed are reasonable for the services rendered and furthermore, your affirmant has reduced the fees earned.

16. It is respectfully requested that the appeal proceedings be stayed thirty days to give the defendant an opportunity to obtain new counsel within said period of time.

17. By reason of the foregoing, cause exists to grant the relief sought herein in its entirety.

18. As the issues raised herein are neither difficult or unique, and as case law has been cited herein, it is respectfully requested that the requirement for a separate memorandum of law be waived.

19. There has been no other application for the relief requested herein.

WHEREFORE, it is respectfully requested that the instant motion be granted and that the law office of Clover M. Barrett, P.C. be relieved as counsel to defendant, HARRIETT BEST, that this appeal proceeding be stayed thirty days to give Ms. Best an opportunity to obtain new

counsel within said period of time; together with such other further and different relief as to this Court may deem just, proper and equitable.

                                                                                         _____

                                                                                          Clover M. Barrett

Sworn to before me this 31st
day of May 2008

S/_____
Notary Public

5

## AGREEMENT FOR EMPLOYMENT OF ATTORNEY

HARRIETT E. BEST, with an address at 250 Maple Street, Brooklyn, New York 11237 (hereinafter, the **Client**), and the law firm of Clover M. Barrett, P.C., with offices at 189 Montague Street Brooklyn, New York 11201 (hereinafter the **Law Firm**) agree as follows:

The Client hereby employs the attorney to represent **Client** in connection with the trustee's action to turn over the land and apartment building located at 121 West 122nd Street, New York, New York 10027 in the Chapter 11 case, In re Maywood Capital Corp., Case#. 05-10987 (RDD).

In connection with representing **Client**, the **Law Firm** is authorized to take, prosecute, compromise and defend such actions or proceedings as the **Law Firm** in the exercise of its professional judgment may deem necessary, proper or appropriate.

The services to be performed by the attorney under this contract include the following:

a.  Provide legal advice to the **Client**, Prepare any instruments, agreements, pleadings, or other documents necessary in the representation of client.

b.  Represent the **Client** in any action, proceeding, trial, conference, meeting, hearing, or other proceeding or transaction in connection with this litigation.

The law firm's fees will be calculated based on the hourly rates for attorneys and non-lawyers in the firm. The **Client** agrees to reimburse the attorney for all necessary expenses incurred by the attorney in the performance of services under this contract and to compensate the attorney for services performed as follows:

a.  $350.00 per hour for services rendered by Attorney Clover M. Barrett.
b.  $95.00 per hour for services rendered by a Paralegal

The **Client** agrees to pay the attorney an initial retainer of Fifteen Thousand Dollars ($15,000.00) towards services performed or to be performed under this contract.

Expenses will be separately stated on the bill and may include such expenses as court costs, expenses of investigation, survey, appraisals, costs of obtaining and presenting evidence (such as depositions and photocopying), the fees of expert consultants and witnesses, and other costs and expenses associated with this litigation

1

Payment pursuant to the terms of this retainer agreement is personally guaranteed by PATRICIA BEST with an address at 276 West 113th Street, New York, New York 11026.

The parties agree that this retainer is a retaining lien as and against the property known as 121 West 122nd Street, New York, New York 10027 and the property known as 276 West 113th Street, New York, New York 10026 and all other property owned by **Client and Guarantor**

**Receipt of $15,000.00 retainer is hereby acknowledged**

By:_____  
   Clover M. Barrett, Esq. for  
   Clover M. Barrett PC

By:_____  
   Harriett E. Best

_____  
   Patricia Best, personal guarantor

Dated: Brooklyn, New York  
       May 3, 2006

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

In re

    MAYWOOD CAPITAL CORP., et al,
                         Debtors
        -against-
-----------------------------------------------------------x

JOHN S PEREIRA, as chapter 11 Trustee of

   121 West 122nd Street Corp.

                       Plaintiff
       Vs.

HARRIET E. BEST
                    Defendant
_____x

Chapter 11 Bankruptcy
Case No. 05-10987 ( RDD)

Adversary Proceeding No.:
05-02577 (RDD)

SDNY Case No: 08-CV-4542

## AFFIDAVIT OF SERVICE

I, Stephen Gordon, am over the age of 18 and not a party to the within action. I reside in Queens County, State of New York. I declare under the penalty of perjury that the following is true and correct:

On May 31, 2008, I served the within Motion to Withdraw as Counsel on the following parties:

        HARRIETT E. BEST
        250 Maple Street,
        <u>Apartment 6B</u>
        Brooklyn, New York 11225

        John P. Campo Esq.,
        Attorney for John S. Pereira
        Chapter 11 Trustee
        Dreier, LLP
        499 Park Avenue, <u>21st Floor</u>
        New York, New York 10022

Service was made depositing a true copy of the motion in a wrapped and sealed envelope in a mail box marked for the exclusive use by the United States Postal Service.

                                                                  S/_____
                                                                  Stephen Gordon

Sworn to before me this
31st day of May 2008

S/_____
NOTARY PUBLIC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

In re

    MAYWOOD CAPITAL CORP., et al,
                           Debtors
           -against-

_____x

JOHN S PEREIRA, as chapter 11 Trustee of
121 West 122nd Street Corp.

                  Plaintiff
        Vs.

HARRIETT E. BEST
                  Defendant
_____x

**NOTICE OF APPEAL**

Chapter 11
Case No. 05-10987 (RDD)

(Jointly Administered)
Case Nos. 04-17047, 05-10944 to
05-10987, 05-11521 and 05-11523

Adversary Proceeding No.:
05-02577 (RDD)

Defendant, HARRIETT E. BEST, by, Clover M. Barrett, P.C., her attorney, appeals to the United States District Court for the Southern District of New York from the Order and Judgment of the Bankruptcy Court (Honorable Robert D. Drain, United States Bankruptcy Judge) issued on March 17, 2008, denying Defendant's motion for a stay of the Bankruptcy Court's Order and Judgment dated January 28, 2008, pending appeal.

The party to the Order appealed from is as follows:

John S. Pereira, Esq.
Chapter 11 Trustee

Dated: March 27, 2008

                                            Clover M. Barrett, P.C.
                                            189 Montague Street, Suite 501
                                            Brooklyn, New York 11201
                                            (718) 625-8568

                                            By: _____
                                                Clover M. Barrett, Esq.

[FILED BANKRUPTCY COURT stamp: 2008 MAR 27 P 1:43 S.D. OF N.Y.]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
In re                                                 :   Chapter 11
                                                      :
                                                      :   Case No. 05-10987 (RDD)
MAYWOOD CAPITAL CORP., et al.,                        :
                                                      :   (Jointly Administered)
                                                      :   Case Nos. 04-17047, 05-10944 to 05-
              Debtors.                                :   10987, 05-11521 and 05-11523 (RDD)
                                                      :
------------------------------------------------------x
                                                      :
JOHN S. PEREIRA, as Chapter 11 Trustee of             :
121 WEST 122nd STREET CORP.,                          :
                                                      :
                                                      :
              Plaintiff,                              :
                                                      :   Adversary Proceeding No.
                                                      :   05-02577 (RDD)
       vs.                                            :
                                                      :
                                                      :
HARRIET E. BEST,                                      :
                                                      :
              Defendant.                              :
                                                      :
------------------------------------------------------x

### ORDER DENYING DEFENDANT'S MOTION FOR STAY OF ORDER AND JUDGMENT PENDING APPEAL

Upon consideration of the Motion (the "Motion") of Defendant Harriet E. Best for an Order Staying Execution of this Court's Order and Judgment dated January 28, 2008; and the Plaintiff's Objection (the "Objection") to the Motion; and a hearing (the "Hearing") having been held before this Court on March 6, 2008, at which the Court considered the Motion; and the Objection; and due consideration having been given to the Motion and the Objection; and upon the record of and the Court's bench ruling at the conclusion of the Hearing, which is

{00335120.DOC;}

incorporated herein; it is hereby:

ORDERED that the Motion is denied.

Dated: New York, New York
       March 17, 2008

                                    /s/Robert D. Drain
                                    Robert D. Drain
                                    United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

In re

    MAYWOOD CAPITAL CORP., et al,
                        Debtors

-against-

\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-x

JOHN S PEREIRA, as chapter 11 Trustee of
121 West 122nd Street Corp.

                      Plaintiff

         v.

HARRIETT E. BEST

                    Defendant
_____x

Chapter 11
Case No. 05-10987 (RDD)

(Jointly Administered)
Case Nos. 04-17047, 05-10944 to
05-10987, 05-11521 and 05-11523

Adversary Proceeding No.:
05-02577 (RDD)

## AFFIDAVIT OF SERVICE

SAMUEL BROOKS, being duly sworn states the following under the penalty of perjury:

I am employed as a paralegal in the office of Clover M. Barrett, P.C., attorney for the defendant/appellant, Harriett E. Best. I am over the age of 18 and I reside in Queens, New York and not a party to the within action.

On March 27, 2008, I served the Notice of Appeal on the following party by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail:

        John P. Campo, Esq.
        Dreier, LLP
        Attorney for John S. Pereira.
        499 Park Avenue, 23rd Floor
        New York, New York 10022

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                            _____
                                            Samuel Brooks

Sworn to before me this
27th day of March 2008

_____
Notary Public CLOVER M. BARRETT
NOTARY PUBLIC, State of New York
No. 02BA5014145
Qualified in Queens County
Commission Expires July, 15